UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICHARD C. WIMETT, | No. 3:12-cv-01406-HU |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| OFFICER SEAN SOTHERN, et al., | |
| Defendants. | |

Richard Charles Wimett
SID No. 11595014
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, OR 97914-8335

    Pro Se Plaintiff

James G. Rice
Email: Jim.Rice@portlandoregon.gov
Office of the City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089

    Attorney for Defendants

Page 1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Plaintiff Richard Wimett ("Plaintiff") filed this action, seeking, among other things, to recover under 42 U.S.C. § 1983 on claims that the Portland Police Bureau and a number of its officers (collectively, "Defendants") violated his Fourth Amendment rights and state law by arresting him without probable cause and by using excessive force to effect his arrest.[1]  Defendants now move, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), to dismiss Plaintiff's second amended complaint on the grounds that: (1) the Portland Police Bureau is not a proper defendant; (2) none of the allegations pled have a factual nexus to either the Fifth, Sixth, Eighth or Fourteenth Amendments; and (3) Plaintiff's formal notice of tort claim was untimely.

## I. LEGAL STANDARD

A court may dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  In considering a Rule 12(b)(6) motion to dismiss, the court must accept all of the claimant's material factual allegations as true and view all facts in the light most favorable to the claimant. *Reynolds v. Giusto*, No. 08-CV-6261, 2009 WL 2523727, at *1 (D. Or. Aug. 18, 2009).  The Supreme Court addressed the proper pleading standard under Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and

---

[1] This Court previously dismissed Defendants Multnomah County, John Doe and Jane Doe because the second amended complaint did not set forth any allegations to support the imposition of liability upon the county, and included no allegations against a Doe Defendant.

Page 2 - FINDINGS AND RECOMMENDATION

its basis: "While a complaint attacked [under] Rule 12(b)(6) . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (brackets omitted).

Since *Twombly*, the Supreme Court has clarified that the pleading standard announced therein is generally applicable to cases governed by the Rules, not only to those cases involving antitrust allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The *Iqbal* court explained that *Twombly* was guided by two specific principles. First, although the court must accept as true all facts asserted in a pleading, it need not accept as true any legal conclusion set forth in a pleading. *Id*. Second, the complaint must set forth facts supporting a plausible claim for relief and not merely a possible claim for relief. *Id*. The court instructed that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). The court concluded: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

The Ninth Circuit further explained the *Twombly-Iqbal* standard in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). The

Page 3 - FINDINGS AND RECOMMENDATION

*Moss* court reaffirmed the *Iqbal* holding that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at 1949). The court in *Moss* concluded by stating: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

## II. DISCUSSION

**A.    Preliminary Procedural Matters**

There are two procedural matters that must be addressed before proceeding to the merits of the pending motion. On May 13, 2013, Plaintiff timely filed two eight-page substantive responses to Defendant's motion to dismiss. (*See* Docket No. 44) (order dated April 18, 2013 extending the deadline to file an opposition to May 28, 2013). That same day, Plaintiff filed a motion for an extension of time in which to respond to Defendant's motion to dismiss. Because no extension of time was necessary, and because Plaintiff adequately responded to Defendant's motion, the Court should deny Plaintiff's motion (Docket No. 48) for extension of time as moot.

Also on May 13, 2013, Plaintiff filed a motion for leave to file a third amended complaint, but he did not attach as an exhibit a copy of the proposed amended pleading, as required under Local Rule 15-1(d)(1). Defendants did not file an opposition to Plaintiff's motion for leave to amend. Given the relative infancy of this litigation (i.e., Plaintiff filed suit on August 3, 2012),

Page 4 - FINDINGS AND RECOMMENDATION

1 the Court recommends granting Plaintiff's motion (Docket No. 50)
2 for leave to amend the complaint if he can do so consistent with
3 this Findings and Recommendation.  The Court reminds Plaintiff,
4 however, that, "[a]lthough the Court construes documents filed by
5 pro se litigants liberally, pro se litigants are still required to
6 comply with federal and local rules." *Bell v. Salazar*, No. 2:12-
7 cv-01414-TLN-JFM, 2013 WL 2665208, at *1 (E.D. Cal. June 12, 2013)
8 (citing *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986)).[2]

**B.    Claims Against the Portland Police Bureau**

Defendants argue that Plaintiff's claims against the Portland Police Bureau should be dismissed because the Portland Police Bureau is not a proper defendant as a matter of law.  In support of their position, Defendants cite Judge Stewart's opinion in *Keller v. City of Portland*, No. CV-98-263-ST, 1998 WL 1060222 (D. Or. Nov. 13, 1998), where it was explained that

> [c]ourts have repeatedly decided that city police departments cannot be sued under federal civil rights laws.  A city police department is not a separate entity from the city itself and thus is not amenable to suit. It is merely the vehicle through which the city fulfills its policing functions. Suit must be brought against the city itself.

*Id.* at *3 (internal citations omitted).  The Court came to the same conclusion with respect to the Oregon Tort Claims Act ("OTCA"), ORS 30.260 to 30.300:

> With regard to plaintiff's state law cause of action against the PPB, . . . Judge Jelderks has held that ORS 30.265 provides for liability against public bodies but not against any bureaus, divisions, or departments.  This court agrees with Judge Jelderks that the PPB is not a separate and distinct entity from the City.  The PPB is a bureau or part of the City because it fulfills the

---

[2] On January 24, 2013, Plaintiff's first amended complaint was stricken for failure to comply with Local Rule 15-1(c).

Page 5 - FINDINGS AND RECOMMENDATION

1   City's policing functions and its officers are City
2   employees. Therefore, the PPB should be dismissed as a defendant on the state law cause of action as well.

3 *Id.* (internal citation omitted).

4   Plaintiff has cited no authority in the Ninth Circuit warranting a different result. Accordingly, Plaintiff's claims against the Portland Police Bureau should be dismissed.

**C.    OTCA Notice Requirement**

Defendants argue that Plaintiff's state law tort claims should be dismissed because Plaintiff's tort claims notice was untimely: "The incident of which the plaintiff complains occurred on 7 August 2010. The City of Portland received plaintiff's Tort Claim Notice on 9 June 2011. The notice is well beyond the 180 day period required by ORS [3]0.275." (Defs.' Mem. Supp. at 4.)

As an initial matter, Plaintiff's state law tort claims directed against officers of the Portland Police Bureau concern actions taken within the course and scope of their employment as employees of the City of Portland. As a result, dismissal is warranted because Plaintiff may only bring these claims against the City of Portland under the OTCA. *See Riordan v. City of Hermiston, Or.*, No. CV 08-693-SU, 2009 WL 1741377, at *6 (D. Or. June 15, 2009) ("As a threshold matter, plaintiff's state law tort claims . . . directed against Wolverton and Stokoe for actions taken with[in] the course and scope of their employment as officers for the Hermiston Police Department as employees of the City of Hermiston cannot be sustained under Oregon law. Pursuant to section 30.265(1), the sole cause of action for the tort of an employee of a public body acting within the scope of their employment is against the public body only."); *see also Johnson v.*

Page 6 - FINDINGS AND RECOMMENDATION

*Hanada*, No. 06-CV-1206-BR, 2009 WL 73867, at *8 (D. Or. Jan. 8, 2009) ("[T]he Court grants Defendant's Motion to Dismiss Plaintiff's state-law claims against Officer Hanada because Plaintiff may only bring those claims against the City of Beaverton pursuant to the OTCA.")

Even if Plaintiff cured this deficiency, however, it appears that his state law tort claims would still be untimely. The OTCA provides that notice of all claims except those for wrongful death must be given "within 180 days after the alleged loss or injury."[3] ORS 30.275(2)(b). "Failure to give timely notice of claim is fatal to a plaintiff's tort claim against a public body." *Denucci v. Henningsen*, 248 Or. App. 59, 66 (2012). "[P]leading and proof of notice sufficient to satisfy the requirements of ORS 30.275 is mandatory and a condition precedent to recovery." *O'Connor v. County of Clackamas*, No. 3:11-cv-1297-SI, 2012 WL 3756321, at *11 (D. Or. Aug. 28, 2012).

Plaintiff contends that he "was in jail and had no way of knowing his rights had been deprived, he only found out after his attorney notified him, and he only found out he had recourse months after the initial arrest." (Pl.'s Second Resp. at 5.) Under the OTCA's discovery rule, "both the notice period and the two-year statute of limitations applicable to an OTCA claim do not begin to run until a plaintiff knows or reasonably should have known of the facts giving rise to his claim." *O'Connor*, 2012 WL 3756321, at

---

[3] Even assuming for the sake of argument that the 270-day notice period applied, Plaintiff's state law tort claims would still be untimely because he did not provide notice within 270 days of the actionable injury.

Page 7 - FINDINGS AND RECOMMENDATION

\*12. That is to say, the 180-day notice period begins to run when there are facts present "that would make an objectively reasonable person aware of a substantial possibility that all three of the following elements exist: (1) an injury occurred; (2) the injury harmed one or more of the plaintiff's legally protected interests; and (3) the defendant is the responsible party." *Id.* This is ordinarily a question for the jury. *Id.*

In this case, it seems clear that all three of the aforementioned elements existed on August 7, 2010—the day the City of Portland's officers allegedly assaulted and battered Plaintiff in effecting his false arrest. Yet, Defendants did not receive Plaintiff's tort claims notice until a little over ten months later, well beyond the 180-day time limit.

In the alternative, Plaintiff has, in effect, argued that his Schizoaffective Disorder and Polysubstance Dependence warrant application of Oregon's disability tolling statute, ORS 12.160, which "tolls the two-year personal injury statute of limitations, ORS 12.110(1)." *Simonsen v. Ford Motor Co.*, 196 Or. App. 460, 473 (2004), *rev. denied*, 338 Or. 681 (2005). However, the Oregon Court of Appeals has held that ORS 12.160 does not apply to the OTCA. *Catt v. Dep't of Human Serv. ex rel. State*, 251 Or. App. 488, 538-40 (2012).

In summary, Plaintiff's state law tort claims should be dismissed.

**D.    The Fifth, Sixth, Eighth and Fourteenth Amendments**

Defendants argue that none of the allegations pled in the second amended complaint have a factual nexus to either the Fifth, Sixth, Eighth or Fourteenth Amendments. As Defendants go on to

Page 8 - FINDINGS AND RECOMMENDATION

explain, Plaintiff's allegations stemming from his stop, arrest and the force used are all within the scope of the Fourth Amendment,[4] citing *Graham v. Connor*, 490 U.S. 386 (1989). In *Graham*, the Supreme Court stated:

> Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person. This much is clear from our decision in *Tennessee v. Garner, supra*. In *Garner*, we addressed a claim that the use of deadly force to apprehend a fleeing suspect who did not appear to be armed or otherwise dangerous violated the suspect's constitutional rights, notwithstanding the existence of probable cause to arrest. Though the complaint alleged violations of both the Fourth Amendment and the Due Process Clause, we analyzed the constitutionality of the challenged application of force solely by reference to the Fourth Amendment's prohibition against unreasonable seizures of the person, holding that the 'reasonableness' of a particular seizure depends not only on when it is made, but also on how it is carried out. Today we make explicit what was implicit in *Garner's* analysis, and hold that all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.

*Id.* at 394-95 (internal citations omitted); *see also Rubio v. Skelton*, No. CV 06-874-ST, 2008 WL 3853387, at *13-15 (D. Or. Aug. 14, 2008) (analyzing alleged violation of the plaintiff's Fourth

---

[4] Plaintiff has alleged several violations of the Fourth Amendments in the second amended complaint. Defendants did not move against any Fourth Amendment claim.

Page 9 - FINDINGS AND RECOMMENDATION

Amendment rights, including whether the plaintiff was arrested without probable cause).

With respect to the Eighth Amendment, Plaintiff seems to argue that the officer's use of excessive force in effecting his arrest violated the Eighth Amendment's prohibition on cruel and unusual punishment: "The Plaintiff actually begs the Officer to stop hitting him. The Officer goes beyond any reasonable response triggering a direct violation of the 8th, Amendment to the U.S. Constitution." (Pl.'s Resp. (Docket No. 46) at 4.) The Court disagrees. The alleged use of excessive force during an arrest is a Fourth Amendment claim (which has been pled), not an Eighth Amendment claim. *Grammar v. Los Angeles County*, No. CV. 12-02920 GAF (RZ), 2012 WL 6923675, at *1-2 (C.D. Cal. Dec. 12, 2012). Accordingly, Plaintiff's claim for violation of the Eighth Amendment should be dismissed with prejudice.

With respect to the Fifth and Fourteenth Amendments, it appears that Plaintiff is attempting to assert a takings claim and/or a claim for deprivation of property without due process of law: "[I]t is alleged [that] Plaintiff['s] property was unreasonably seized, searched and confiscated and taken by [the] Portland Police without cause to do so, therefore the court if it so chooses can find a bases for allowing the 5th, and 14th amendments to go forward." (Pl.'s Resp. at 3); (Second Am. Compl. at 5) ("His backpack is taken during the altercation while [Officer] Sothern deploys his taser."); (Second Am. Compl. at 13) (explaining that Defendants' action resulted in the loss of Plaintiff's personal property, including paintings from his deceased mother which cannot be replaced, a laptop, and a camera).

Page 10 - FINDINGS AND RECOMMENDATION

"The Fifth Amendment . . . provides that private property shall not be taken *for public use* without just compensation." *Allen v. Wood*, 970 F. Supp. 824, 831 (E.D. Wash. 1997) (emphasis added). Nowhere in the second amended complaint does Plaintiff allege that officers of the Portland Police Bureau confiscated property during his arrest *for public use*. It is clear Plaintiff can prove no set of facts that would entitle him to relief under the Fifth Amendment. Accordingly, Plaintiff's claim for violation of the Fifth Amendment should be dismissed with prejudice.

Likewise, Plaintiff fails to state a due process claim based on the loss of his personal property. "A negligent or intentional deprivation of property under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if state law affords [the] plaintiff a meaningful post-deprivation remedy." *Taylor v. City of San Bernardino*, No. EDCV 09-240-MMM (MAN), 2010 WL 2682476, at *6 (C.D. Cal. 2010). Depending on the circumstances surrounding Plaintiff being deprived of his property, he may have been able to file a claim pursuant to the OTCA. The Ninth Circuit has held that the OTCA provides an adequate post-deprivation remedy. *Osborne v. Williams*, 444 F. App'x 153, 154 (9th Cir. 2011). Alternatively, Plaintiff (or perhaps a public defender) could have filed a motion under ORS 133.633 "for return or restoration of things seized." *See generally State v. Glascock*, 33 Or. App. 217, 226 (1978) ("A motion under ORS 133.633 should not be denied for untimeliness unless the state makes some showing of prejudice.") Accordingly, Plaintiff's due process claim based on the loss of his personal property should be dismissed with prejudice.

Page 11 - FINDINGS AND RECOMMENDATION

Lastly, after reviewing the second amended complaint and Plaintiff's response briefs, it is not clear on what theory Plaintiff bases his claim for violation of the Sixth Amendment—which provides various pretrial and trial protections in criminal proceedings. (*See* Pl.'s Resp. at 3) ("The violations and deprivation of his rights constitute direct violations of the . . . [Sixth] Amendment[] to the U.S. Constitution in that Officer(s) had prior and present independent knowledge of the primary facts in which there were no facts at the time that would constitute the actions of Officer Sothern.")  As discussed above, *Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and its basis.  Because Plaintiff might be able to cure this deficiency, the Court recommends dismissing Plaintiff's Sixth Amendment claim with leave to amend.  Any amended pleading should make clear what the factual basis is for Plaintiff's Sixth Amendment claim. *See* FED. R. CIV. P. 8(a)(2) (requiring a "*short and plain statement of the claim showing that the pleader is entitled to relief*") (emphasis added).

### III. CONCLUSION

For the reasons stated, Plaintiff's motion (Docket No. 48) for an extension of time should be denied as moot, Plaintiff's motion (Docket No. 50) for leave to amend should be granted, and Defendant's motion (Docket No. 40) to dismiss should be granted.

### IV. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due **July 30, 2013**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.  If objections are filed, then a

Page 12 - FINDINGS AND RECOMMENDATION

response is due **August 16, 2013**. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 11th day of July, 2013.

```
                            /s/ Dennis J. Hubel
                       _____
                              DENNIS J. HUBEL
                       United States Magistrate Judge
```

Page 13 - FINDINGS AND RECOMMENDATION